1
2
3
4

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

5

NICHOLAS CRYSTAL,                              Case No. 2:21-cv-01729-GMN-NJK

6
                              Petitioner,
7
        v.                                     **ORDER**

8
CALVIN JOHNSON, et al.,

9
                              Respondents.

10      Petitioner Nicholas Crystal, a Nevada prisoner, commenced this habeas action by filing a

11  Petition for Writ of Habeas Corpus (ECF No. 1). This habeas matter is before the Court for initial

12  review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the

13  Court directs service of the petition.

14      Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order

15  a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v.*

16  *Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss

17  petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by

18  procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*,

19  908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

20      Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District

21  Court for Clark County ("state court"). *State of Nevada v. Nicholas Crystal*, Case No. C-15-

22  303536-1.[2] On June 17, 2016, the state court entered a judgment of conviction for conspiracy to

23  commit robbery, conspiracy to commit kidnapping, first degree kidnapping resulting in substantial

24

25  [1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

26  [2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at:

27  https://www.clarkcountycourts.us/Anonymous/default.aspx and

28  at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

bodily harm, attempt murder with use of a deadly weapon, two counts of battery with use of a deadly weapon resulting in substantial bodily harm, two counts of battery with intent to commit a crime, two counts of burglary while in possession of a deadly weapon, two counts of robbery with use of a deadly weapon, and two counts of grand larceny auto.  An amended judgment of conviction was filed on March 13, 2017.  The Nevada Supreme Court affirmed the conviction.

 In April 2018, Petitioner filed a state petition for writ of habeas corpus.  The state court denied post-conviction relief.  Petitioner filed a post-conviction appeal.  The Nevada Supreme Court affirmed the denial of relief in April 2021, and a remittitur issued the following month.  On September 20, 2021, Petitioner initiated this federal habeas corpus. (ECF No. 1.)   Having conducted an initial review, the Court will direct service of the petition and a response.

**IT IS THEREFORE ORDERED:**

1. The Clerk of Court will file Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

2. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

3. Respondents will have **60 days** from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

4. If Respondents file an answer to the petition, Petitioner may file a reply within **60 days** from the date the answer is filed and served.  If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

5. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss.  Procedural defenses omitted from such motion to dismiss may be subject to waiver.  Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking

merit.  If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, will be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

6. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

7. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

8. All state court records and exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each exhibit by number or letter.  The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

9. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: November 8, 2021

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE